# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 09-0035** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **HENRY L. MYLES** | * | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned magistrate judge, on reference from the district court, is a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 filed by petitioner Henry L. Myles ("Petitioner"). [Doc. # 50]. For reasons stated below, it is recommended that the motion be **DENIED**.

## BACKGROUND AND PROCEDURAL HISTORY

On February 25, 2009, a federal grand jury returned a one-count indictment against the defendant charging him with unlawful possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). [Doc. # 1]. On September 3, 2009, pursuant to a written plea agreement, the defendant pleaded guilty as charged before the Magistrate Judge. [Doc. # 28]. On September 29, 2009, after considering a report and recommendation issued by the Magistrate Judge, the district court judge issued a judgment indicating that it was accepting the guilty plea of the defendant and adjudicating him guilty of the offense as charged in the indictment. [Doc. # 33].

The Presentence Investigation Report indicated that petitioner pleaded guilty on May 12, 2005, to simple burglary of an inhabited dwelling. He received a sentence of two years of hard labor. The Presentence Investigation Report also provided that on November 26, 2001, he was convicted of aggravated battery. On the basis of those two felony convictions, the base offense

level was 24. [PSI, ¶ 15]. According to the Presentence Investigation Report, since petitioner possessed a firearm in connection with another felony offense, his offense level was increased by four points. [PSI, ¶ 17]. However, petitioner objected to this paragraph. The district court agreed with petitioner and only increased the offense level by two points. His adjusted offense level was 26. He received a three-level reduction for acceptance of responsibility, so that his total offense level was 23. The Presentence Investigation Report provided that the applicable guideline for the offense was U.S.S.G. § 2K2.1(a)(2). The applicable Criminal History Category was VI, and the applicable guideline range was 92 to 150 months incarceration.

On December 7, 2009, the defendant was sentenced to 92 months imprisonment. [Doc. # 38]. Petitioner appealed, arguing that his prior conviction for simple burglary of an inhabited dwelling did not qualify as a "crime of violence" for purposes of Guideline § 2K2.1(a)(2). The United States Court of Appeals for the Fifth Circuit disagreed and affirmed petitioner's conviction and sentence. *United States v. Myles*, 423 Fed. App'x 442 (5th Cir. 2011). The judgment and mandate were entered into the record on May 23, 2011. [Doc. # 48]. Petitioner filed the instant motion on July 15, 2011 (doc. # 50), and he asserts only one ground for relief: the district court erroneously applied the sentencing guidelines, because the offense to which he pleaded guilty in this court, unlawful possession of a firearm by a felon, is not a "crime of violence" for purposes of Guideline § 2K2.1(a)(2).

## LAW AND ANALYSIS

To obtain collateral relief pursuant to 28 U.S.C. § 2255, a defendant "must clear a significantly higher hurdle" than the standard that would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982). When a defendant has been convicted and his conviction has been upheld on direct appeal, there is a presumption that the defendant's conviction is fair and

final.  *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998).  As a result, review under § 2255 is limited to four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack."  28 U.S.C. § 2255.

Collateral review is fundamentally different from and may not replace a direct appeal. *See Frady*, 456 U.S. at 165; *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (en banc). Thus, even if the issues are constitutional or jurisdictional, the defendant may be procedurally barred from raising them collaterally.  A defendant may not raise an "issue [constitutional or jurisdictional in nature] for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error."  *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994) (citing *Shaid*, 937 F.2d at 232); *United States v. Walker*, 68 F.3d 931, 934 (5th Cir. 1995).  Of course, issues raised and disposed of on direct appeal are not subject to further review under section 2255.  *See Segler*, 37 F.3d at 1134.

Even if a defendant cannot establish "cause" and "prejudice," he may still be entitled to relief under § 2255 if there is a constitutional error which would result in a complete miscarriage of justice.  *Murray v. Carrier*, 477 U.S. 478, 495-6 (1986); *Bousley v. United States*, 523 U.S. 614, 622 (1998);  *Shaid*, 937 F.2d at 232; *United States v. Hicks*, 945 F.2d 107, 108 (5th Cir. 1991).  Such a miscarriage of justice would result if the error caused the defendant to be convicted of a crime of which he is innocent.  *Shaid*, 937 F.2d at 232.

Finally, it is conceivable that even nonconstitutional claims could be first asserted in a § 2255 motion, but only in exceptional circumstances.  In *United States v. Vaughn*, the United States Court of Appeals for the Fifth Circuit stated:

3

> [r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. Non-constitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding.

*United States v. Vaughn*, 955 F.2d 367 (5th Cir. 1992) (citing *United States v. Capua*, 656 F.2d. 1033, 1037 (5th Cir. 1981).

I. **Petitioner's Claim that the District Court Erroneously Applied the Sentencing Guidelines**

Petitioner's only claim in this § 2255 motion is that the district court erroneously applied Sentencing Guideline § 2K2.1(a)(2) to find a base offense level of 24. [Doc. # 50, p. 2]. He appears to argue that the offense to which he pleaded guilty, unlawful possession of a firearm by a convicted felon, was not a crime of violence; therefore, he should not have been sentenced as a career offender.[1] *See id.*, p. 3.

A review of the record indicates that petitioner did not raise this claim on direct appeal. Therefore, he is procedurally barred from raising the claim in the context of a § 2255 motion unless he can show cause and actual prejudice. Petitioner has alleged no facts to demonstrate either cause or actual prejudice.[2] Thus, as he has neither claimed nor established factual innocence, he is procedurally barred from raising his current claim on collateral review. It is

---

[1] Petitioner also seems to incorporate an argument that the statute under which he was convicted, 18 U.S.C. § 922(g)(1), requires actual rather than constructive possession of a firearm. [Doc. # 56, p. 5]. To the extent that this is a separate claim, it should also be denied due to petitioner's procedural default.

[2] Petitioner's motion contains language suggesting that he did not raise his claim before now because his attorney failed to bring it to his attention. However, in his reply to the government's response, petitioner emphatically states that he did not intend to raise the issue of ineffective assistance of counsel. [Doc. # 56, p. 2]. As such, and because petitioner "respectfully request[s] that the Court [not] address such claim," the undersigned will ignore the possibility that attorney error contributed to petitioner's procedural default.

recommended that petitioner's motion be DENIED in its entirety on this basis.

In addition, even if petitioner could raise this claim on collateral review, the record indicates that the claim is wholly unsubstantiated and is facially meritless as a matter of law. Petitioner argues at length that unlawful possession of a firearm by a felon is not a crime of violence and, therefore, he should not have been sentenced as a career offender. But despite his misconception, petitioner was not sentenced as a career offender, and this was likely the case precisely because unlawful possession of a firearm by a felon is not a crime of violence.

U.S.S.G. § 4B1.1 provides for a sentencing enhancement when the defendant is determined to be a "career offender." Career offender status applies under § 4B1.1 if:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction;
>
> (2) the *instant offense of conviction* is a felony that is either a crime of violence or a controlled substance offense; and
>
> (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S. Sentencing Guidelines Manual § 4B1.1(a) (2010) (emphasis supplied).

Thus, in order to be deemed a career offender, it is essential that the instant offense of conviction be a crime of violence or a controlled substance offense. If petitioner had in fact been sentenced under § 4B1.1, he would be correct that same would have been improper, because the felony conviction here was for unlawful possession of a firearm by a felon, which is not a crime of violence or a controlled substance offense. *See* § 4B1.2 cmt. n.2 ("'Crime of violence' does not include the offense of unlawful possession of a firearm by a felon, unless the possession was of a firearm described in 26 U.S.C. § 5845(a)."). However, the record in this case clearly shows that Petitioner's sentence was not enhanced under § 4B1.1.

Petitioner simply misunderstands the application of § 2K2.1(a). He claims that "what §

2K2.1 is intended for [is] an enhancement for prior convictions of violence . . . ." [Doc. # 56, p. 6]. This is not accurate. Section 2K2.1(a) provides base offense levels, not enhancements, for violations of various federal firearm statutes. *See* U.S. Sentencing Guidelines Manual § 2K2.1(a) (2010). The guideline under which petitioner was sentenced, § 2K2.1(a)(2), specifically provides a base offense level of 24 "if the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense." § 2K2.1(a)(2). There is absolutely no requirement under this guideline that the *instant offense of conviction* be a crime of violence.[3] Rather, it is the *prior* convictions that must be classified as crimes of violence. Here, there is no question that petitioner had two prior crime of violence felony convictions: aggravated battery and simple burglary of an inhabited dwelling.[4] Thus, the sentencing guideline was properly applied, and it is recommended that petitioner's motion be DENIED on its merits as well.

## CONCLUSION

For the reasons stated above, it is recommended that petitioner's motion (doc. # 50) under 28 U.S.C. § 2255 be **DENIED**. Under the provisions of 28 U.S.C. § 636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be

---

[3] Despite petitioner's apparent assertions to the contrary (doc. # 56, p. 3), the fact that § 2K2.1(a) imports § 4B1.2's definition of "crime of violence" does not also mean that it imports the latter's requirement that the instant offense of conviction be such a crime.

[4] The United States Court of Appeals for the Fifth Circuit determined on direct appeal that the latter crime was properly classified as a crime of violence. *Myles*, 423 Fed. App'x at 444-45.

furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

Further, pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. § 2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 12th day of October, 2011.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE